IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES BRADLEY DAVIDSON, PRO SE, aka JAMES BRADLEY WILKINSON,<br><br>　　Plaintiff,<br><br>v.<br><br>MARIE FARBRO, Chief, Stinnett Police Department; DRENNAN ROGERS, Officer, Stinnett Police; ANDY TRAHAN, Deputy, Hutchinson County Sheriff Department; and MARK SNIDER, Hutchinson County District Attorney,<br><br>　　Defendants. | §§§§§§§§§§§§§§§§§  2:11-CV-0258 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JAMES BRADLEY DAVIDSON, acting pro se and while a prisoner incarcerated in the Hutchinson County Jail, Stinnett, Texas, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that, on June 18, 2011, he was arrested by defendant ROGERS and booked into jail on a charge of evading arrest or detention on foot, but that charge was later changed to evading in a motor vehicle. Plaintiff says he was told defendant ROGERS had made a mistake. Plaintiff states defendant FARBRO informed ROGERS that plaintiff had prior convictions and ROGERS incorrectly entered the wrong abbreviations for the Texas Penal Code section which led defendant FARBRO and defendant officers ROGERS and TRAHAN to conspire to change plaintiff's original charge to evading in a motor vehicle.

Plaintiff also alleges the police report was "maliciously fabricated alleging false statements" in order to deprive plaintiff of his liberty.

Plaintiff's full statement of his claim against defendant SNIDER, the Hutchinson County District Attorney, consists of the phrase, "malicious prosecution."

Plaintiff requests an award of $75,000.00 from each defendant for falsifying the police report and testimony which caused his loss of liberty, compensatory damages of $25,000.00 for missed work and time away from his family; "proper punishment" for the charge of evading on food, which plaintiff says he is guilty of; and for "relief from the false indictment felony charge" of evading with a vehicle.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

By his October 3, 2012 response to the Court's September 20, 2012 Briefing Order, plaintiff informs the Court that, subsequent to filing this lawsuit, he pled guilty to the charge of evading with a vehicle and his conviction on that charge has not been overturned on appeal or called into question by a successful habeas corpus action.

Any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been terminated favorably to the section 1983 plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Any judgment in this cause favorable to plaintiff would necessarily call into question the conviction for evading with a motor vehicle and, therefore, plaintiff's claims are barred until his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Until that time, plaintiff's claims are frivolous and will not accrue until after *Heck* conditions had been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).

As to plaintiff's claim of malicious prosecution against defendant SNIDER, plaintiff has failed to provide any allegation of fact to support this claim. More importantly, there is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, plaintiff's claim that defendant SNIDER maliciously prosecuted him on the charge of evading with a motor vehicle without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

## CONCLUSION

For the reasons set forth above, plaintiff's Civil Rights Complaint is DISMISSED AS FRIVOLOUS UNTIL THE HECK CONDITIONS HAVE BEEN MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); and DISMISSED WITH PREJUDICE AS FRIVOLOUS. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

The dismissal of this case does not relieve plaintiff of his responsibility to pay the entire $350.00 filing fee.

It is SO ORDERED.

Signed this the _____5th_____ day of October, 2012.

_____
MARY LOU ROBINSON
United States District Judge